IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JEFFREY KAPCHE, § § | |
| Plaintiff, § § § | Case: 1:07-cv-02093 |
| v. § § | Assigned To : Robertson, James |
| ALBERTO GONZALES, ATTORNEY § GENERAL OF THE UNITED STATES, § § | Assign. Date : 11/16/2007 Description: Civil Rights-Non-Employ. |
| Defendant. § § | |

*JURY ACTION*

## ORDER

Pending before the Court is Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer. (Dkt. #15). Having considered the motion, response, reply, sur-reply, record and the relevant law, the Court finds that the motion should be GRANTED.

Plaintiff Jeffrey Kapche's ("Kapche") brings this suit under section 501 the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, *et seq.* ("Rehabilitation Act"), for alleged employment discrimination. At all relevant times, Kapche has suffered from type 1 diabetes. Despite his condition, Kapche has been employed as a law enforcement officer with the Fort Bend County Sheriff's department since 1994. In February 2002, Kapche applied for a special agent position with the Federal Bureau of Investigation ("FBI"). In November 2004, Kapche was conditionally offered a FBI special agent position pending a physical fitness test and physical examination, among other things. In January 2005, Kapche was notified that his offer of employment was being revoked because of his diabetes. Specifically, the FBI indicated in a letter dated January 11, 2005 that "the medical information you submitted . . . shows that your Insulin Dependent Diabetes Mellitus (IDDM) is not sufficiently controlled to meet the requirements of the Special Agent position." (Dkt. #18-3 at 16).

Defendant presently maintains that this case should be dismissed, or in the alternative transferred, due to improper venue under 28 U.S.C. § 1406(a). Specifically, Defendant argues that: (1) a special venue

provision, 42 U.S.C. § 2000e-5(f)(3) ("section 2000e-5(f)(3)"), governs venue in this case; and (2) proper venue lies only in the District of Columbia or the Eastern District of Virginia. Kapche opposes Defendant's motion and argues that: (1) venue under section 2000e-5(f)(3) is optional or supplementary; and (2) if venue under section 2000e-5(f)(3) is mandatory and non-supplemental, dismissal or transfer of this case is nonetheless not justified. The Court will address these arguments in turn.

### I.      Venue Under The Rehabilitation Act

The Rehabilitation Act, through 29 U.S.C. § 794a ("section 794a"), provides, in part, as follows:

> (a)(1) The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e-5(f) through (k)), shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint.

29 U.S.C. § 794a. Section 794a incorporates a special venue staute, section 2000e-5(f)(3), into the Rehabilitation Act. Section 2000e-5(f)(3) provides as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

The Fifth Circuit carefully explained the context in which section 794a was enacted in *Prewitt v. United States Postal Service*, 662 F.2d 292 (5th Cir. 1981 Unit A). Under the original version of the Rehabilitation Act, "a private cause of action founded on handicap discrimination was not recognized upon section 501 as against a federal government employer." *Id.* at 302. To alter this state of the law in 1978,

Congress enacted section 794a and amended 29 U.S.C. § 794. *Id.* at 302. This legislation created a private cause of action under section 794a. *Id.* at 302-03.

The *Prewitt* court further explained the relationship between section 794a and section 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 ("section 2000e-16"). Section 2000e-16 entitles individuals to sue the federal government for discrimination based on race, color, religion, sex, or national origin. Section 2000e-16 also contains various procedural requirements. For example, Section 2000e-16 states that section 2000e-5(f) "shall govern civil actions brought hereunder" and also contains requirements pertaining to the exhaustion of administrative remedies. The *Prewitt* court examined section 2000e-16 and determined that its requirements pertaining to the exhaustion of administrative remedies were mandatory under section 794a of the Rehabilitation Act. 662 F.2d at 304. In conducting its analysis, the *Prewitt* court referenced the comments of the Senate Committee on Human Resources, which "explained its reasons for granting the rights set forth in section 717 to section 501 plaintiffs," 662 F.2d at 303. In part, the Senate Committee stated the following:

> The amendment to section 501 will [provide] individuals aggrieved on the basis of their handicap the *same* rights, procedures, and remedies provided individuals aggrieved on the basis of race, creed, color, or national origin.... Further, application of the title VII provisions makes specific the right to bring a private right of action with respect to section 501, subject, of course, to the provision for exhaustion of administrative remedies and other rules and procedures set forth in title VII.

Sen. Rep. No. 95-890, 95th Cong., 2d Sess., at 18-19 (1978)(emphasis added). The Fifth Circuit ultimately concluded that "the 1978 amendments to the Rehabilitation Act . . . established a private right of action, subject to the *same* procedural constraints (administrative exhaustion, etc.) set forth in Title VII of the Civil Rights Act, in favor of section 501 claimants."[1] *Prewitt*, 662 F.2d at 304 (emphasis added).

---

[1] Kapche directs the court to specific language within section 794a, namely, the phrase "shall be available," for the proposition that the Rehabilitation Act's special venue provision is optional. *Prewitt* forecloses this argument.

In light of *Prewitt*, this Court finds that section 794a subjects the Rehabilitation Act to essentially the same procedural constraints required under Title VII. This includes 42 U.S.C. § 2000e-5(f)(3), the special venue statute. *Id.* at 304; *Robinson v. Potter*, No. Civ.A. 04-0890(RMU), 2005 WL 1151429, *3-4 (D.D.C. May 16, 2005); *cf. Barnes v. Gorman*, 536 U.S. 181, 185, 122 S.Ct. 2097, 153 L.Ed.2d (2002).

The Fifth Circuit has shed light on the proper application of 42 U.S.C. § 2000e-5(f)(3) in *In Re: Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2003)(per curiam).[2] Although *Horseshoe* primarily involves issues pertaining to 28 U.S.C. § 1404(a), the *Horseshoe* court conducted a threshold venue inquiry under section 2000e-5(f)(3) when determining where the suit at issue "might have been brought." This inquiry is particularly helpful because it is the same inquiry that this Court must presently conduct.

In *Horseshoe*, the Fifth Circuit began its venue analysis by referring to 42 U.S.C. § 2000e-5(f)(3) and stating that "Congress has adopted special venue provisions for the type of litigation involved in this case (claims under Title VII and the ADA)." 337 F.3d at 432. The appellate court then determined where venue was proper by specifically considering the venue options provided for in section 2000e-5(f)(3). *Id.* at 433. Importantly, the Fifth Circuit did not make any reference to the venue provisions of 28 U.S.C. § 1391 ("section 1391"), the general venue statute. After performing this analysis once, the *Horseshoe* court performed the analysis a second time in an identical fashion. *Id.* at 432-35. The *Horseshoe* court again referred to the provisions section 2000e-5(f)(3) when analyzing whether transfer was generally proper under 28 U.S.C. § 1404(a), but did not mention the provisions of section 1391. *Horseshoe*, 337 F.3d at 435.

While the majority opinion in *Horseshoe* does not explicitly state the limits of section 2000e-5(f)(3), this Court finds that *Horseshoe* stands for the proposition that the venue options provided by section 2000e-5(f)(3) are mandatory and non-supplemental. The Fifth Circuit's description of its analysis is specific

---

[2] Although *Horseshoe* involves Title VII and not the Rehabilitation Act, it instructs this Court on how to interpret the relevant venue provision because the Rehabilitation Act incorporates its venue provision from Title VII, as explained *supra*.

4

enough to allow this Court to determine that only the venue options provided for in section 2000e-5(f)(3) may be considered when analyzing venue under that statute. This finding is bolstered by the following statement incorporated into the dissent in *Horseshoe*: "It has been established that this [Title VII] special venue statute supersedes any general venue provision." *In Re: Horseshoe Entertainment*, 305 F.3d 354, 361 n. 2 (5th Cir. 2002)(per curiam)(citing *Harding v. Williams Property Co.*, 1998 WL 637414, *2 n. 5 (4th Cir. Aug. 31, 1998); *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655 (11th Cir. 1993); *Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586 (9th Cir. 1991)), opinion superseded, 337 F.3d 429. Indeed, by the time *Horseshoe* was decided, several appellate courts had held that the venue options under section 2000e-5(f)(3) were mandatory and non-supplemental. These sister circuit decisions explain the context in which *Horseshoe* was decided, provide underlying rationale and support the Court's legal conclusions. In what is perhaps the key sister circuit decision, *Bolar v. Frank*, 938 F.2d 377 (2d Cir. 1991), the Second Circuit specifically found that section 2000e-5(f)(3) governs venue in Rehabilitation Act cases while section 1391 does not. The Second Circuit explained its reasoning as follows: (1) 28 U.S.C. § 1391(e) provides that it is applicable "except as otherwise provided by law" and the Rehabilitation Act is "one such law that 'otherwise provide[s],'" *Bolar*, 938 F.2d at 378; (2) venue under the Rehabilitation Act "is circumscribed by the very statute that [provides] the right to sue in the first place." *Id.* (citing *Stebbins v. State Farm Mutual Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir.)(per curiam)(finding that "the intent of Congress to limit venue to the judicial district concerned with the alleged discrimination seems clear" in light of the restrictive statutory language), *cert. denied,* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969)); (3) section 2000e-16(d) of Title VII states that "[t]he provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern" employment discrimination actions, *Id.* at 379; and (4) given the conflict between Title VII's venue statute and the general venue statute, principles of statutory construction dictate that the later, specific venue provision applies rather than the earlier one, *Id.* at 379. Alongside *Horseshoe*,

the Court finds the Second Circuit's reasoning to be persuasive.

**II.     Analysis Under the Rehabilitation Act's Special Venue Provision**

The Court must now perform a venue analysis under section 2000e-5(f)(3) and 28 U.S.C. § 1406(a).[3] Section 2000e-5(f)(3) provides that venue is proper: (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. If the respondent is not found within any of the above-mentioned districts, the action may be brought within the judicial district in which the respondent has his principal office. 42 U.S.C. § 2000e-5(f)(3).

In regard to the first venue option, Kapche maintains that venue is proper in the Southern District of Texas because: (1) he filed his application for a special agent position in Houston; (2) he interviewed in the Southern District; (3) his polygraph and background check were done in the Southern District; (4) he had his physical fitness test and medical testing done in the Southern District; and (5) he was notified of the FBI's decision in the Southern District. Defendant responds by arguing that the alleged discriminatory act did not take place in Texas because Kapche complains solely of the actions of FBI officials in Washington, D.C.

After reviewing the allegations presented in this case, the Court is convinced that venue is not established in the Southern District of Texas under the first venue option provided for in section 2000e-5(f)(3). Under this basis, venue may be established where a "unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). Kapche has conceded that his claim of discrimination

---

[3] Title 28 U.S.C. § 1406(a) provides as follows: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

is based solely on decisions made by FBI officials in Washington, D.C. (Dkt. #1 at 5); (Dkt. #18-3 at 4, 5); *see also* (Dkt. #18-3 at 12-17). According to Kapche, the physicians who tested him in the Southern District did not engage in any discriminatory conduct, but rather "presented uniformly positive medical and workplace performance information." (Dkt. #1 at 5). Accordingly, the Court finds that Washington, D.C. is the only location where unlawful employment practices were "committed" according to Kapche's allegations.[4]

In regard to the second venue option, Kapche maintains that venue is proper in the Southern District

---

[4] Kapche primarily relies on *Bruce v. United States Department of Justice, Federal Bureau of Investigation*, 167 F.Supp.2d 524 (N.D.N.Y. 2001), *rev'd on other grounds*, 314 F.3d 71 (2d Cir. 2002) and *Jackson v. Ashcroft*, No. Civ.A. 02-8298, 2003 WL 22271478 (July 14, 2003) for the proposition that venue should lie in the judicial district where testing and contact with a branch FBI office occurred. In *Bruce*, an applicant for a FBI special agent position was denied employment because of his diabetes. 167 F.Supp.2d at 526-27. After failing an initial blood test, the applicant in *Bruce* was told by a local FBI branch office that he would not become a special agent. *Id.* at 526, 528. After the applicant's protests, the FBI branch office allowed the applicant to take another test, which he reportedly passed. *Id.* at 526. Even after these results, the local office requested further medical information. *Id.* at 526.

This Court does not find *Bruce* to settle the issue of venue in this case. The *Bruce* court apparently relied on the location of the above-mentioned events when determining proper venue. *Id.* at 528. Notably, in *Bruce*, the local FBI branch office appears to have had contributed significantly to the alleged discriminatory conduct. These circumstances are distinct from the case at bar, where Kapche claims that FBI officials located in Washington, D.C. are at fault.

To the extent that the *Bruce* decision may be interpreted to rest generally on the location of the applicant's interaction with the relevant local FBI branch rather than the locus of decision making (which allegedly was Washington, D.C.), this Court disagrees with such a theory. Under the plain language of section 2000e-5(f)(3), the location where improper discriminatory conduct occurs rather than where its effects are felt is where venue properly lies. *Carrothers v. Noblestar Systems Corp.*, No. Civ.A. G-05-610, 2006 WL 734347, *2 (S.D. Tex. March 21, 2006); *Whipstock v. Raytheon Co.*, No. 07-11137, 2007 WL 2318745, *2-4 (E.D. Mich. Aug. 10, 2007); *But see Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000); *McDonald v. American Federation of Musicians of the United States of America and Canada*, 308 F.Supp. 664, 670 (N.D. Ill. 1970).

The Court further finds *Jackson* to be unpersuasive. In *Jackson*, allegations of discrimination by the United States Drug Enforcement Agency ("DEA") "stemmed from the background investigation conducted by the [local DEA branch office]." 2003 WL 22271478 at *1. The circumstances in *Jackson* are distinct from the circumstances of this case where Kapche complains of the conduct of FBI officials in Washington, D.C.

of Texas because all of Kapche's medical records are "maintained and administered" in the Southern District. Defendants respond by arguing Kapche's medical records do not support a finding of venue under the relevant statutory language.

The Court finds that venue has not been established under the second venue option provided by section 2000e-5(f)(3). Venue may be established in the judicial district in which the employment records relevant to the unlawful employment practice in question are maintained and administered. 42 U.S.C. § 2000e-5(f)(3). Venue on this basis lies where the complete master set of relevant employment records are maintained and administered. *Kendrick v. Potter*, No. 06-122 (GK), 2007 WL 2071670, *3 (D.D.C. July 16, 2007)(citing *Jyachosky v. Winter*, No. 05-02251, 2006 U.S. Dist. LEXIS 44399, *8 (D.D.C. June 29, 2006); *Washington v. General Electric Corp.*, 686 F.Supp. 361, 363 (D.D.C. 1988)); *Dank v. Nicholson*, No. Civ.A. 05-2463(ESH), 2006 WL 763073, *2 (D.D.C. March 24, 2006). Declarations of human resource officers and employers are sufficient to establish where the relevant master set of employment records are maintained and administered. *Kendrick*, 2007 WL 2071760, *3 (citing *Ridgely v. Chao*, No. 05-1033 (GK), 2006 U.S. Dist. LEXIS 13021, *7 (D.D.C. March 13, 2006); *James v. Booz-Allen & Hamilton, Inc.*, 227 F.Supp.2d 16, 23 (D.D.C. 2002); 28 U.S.C. § 1746). In this case, a Personnel Security Adjudication Section Chief, Alvina Jones, has declared that all of the FBI's official records pertaining to Kapche's application are located and maintained in Washington, D.C. (Dkt. #15-2). Kapche has not controverted Jones' declaration. Accordingly, the Court finds that Washington, D.C. is the only location where Kapche's records are maintained and administered.[5]

In regard to the third venue option, Kapche maintains that venue is proper in the Southern District

---

[5] Kapche's argument pertaining to the location of his medical records is not persuasive. "Employment records" under the relevant statutory provision generally do not encompass medical records. *See Spriggs v. Brownlee*, Nos. 5:04-CV-00644(NPM), 5:04-CV-00968(NPM), 5:04-CV-01064(NPM), 2006 WL 1304861, *8 (N.D.N.Y. May 9, 2006).

of Texas because: (1) he "was assured that he would work in Texas after he completed his training in Quantico, Virginia"; (2) although the FBI reserves the right to station agents at any location, virtually all agents are assigned at one of their top choices (Kapche's top choices were all located in Texas); and (3) the FBI informed Kapche that if his wife was pregnant when he completed training he could be assigned near to his family. Defendant maintains that: (1) Kapche would have initially been assigned to work at the Training Division in Quantico, Virginia; (2) Kapche concedes that he was told by FBI Special Agent Lucretia Robinson that the FBI reserves the right to post agents "wherever they are needed"; and (3) Kapche could only speculate as to where he "would have worked."

The Court finds that venue has not been established under the third venue option provided by section 2000e-5(f)(3). Under this basis, venue is proper in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). Kapche acknowledges that Special Agent Lucretia Robinson ("Special Agent Robinson"), an Applicant Coordinator, told him that "the FBI reserves the right to post Special Agents wherever they are needed, but that we got to rank the locations of our choice, and that almost all new Agents were assigned one of their top picks." (Dkt. #18-3 at 3). In her declaration, Special Agent Robinson states that as part of her duties she explains the field office assignment process to all special agent applicants. (Dkt. #21-2 at 3). Special Agent Robinson further stated in her declaration that "the needs of the FBI come first" when making assignment decisions. (Dkt. #21-2 at 3). This evidence supports a finding that the location where Kapche "would have worked" is uncertain. Any attempt to determine such a location based on the record before the Court would amount to improper speculation. *See Jackson v. Williams Plant Services, LLC*, No. 1:05-CV-830-WKW (WO), 2006 WL 1148824, *2 (M.D. Ala. May 1, 2006). Because this case involves a challenge to venue under 28 U.S.C. § 1406(a), Kapche has the burden of proving that venue is proper in the district where the case is filed once the defendant has objected to venue. *Sampson Industries, Inc. v. Amega Industries, Inc.*,

9

No. Civ.A.3-98-CV-1440-P, 1998 WL 826907, *2 n. 6 (N.D. Tex. Nov. 18, 1998)(citing *Advanced Dynamics Corp. v. Mitech Corp.*, 729 F.Supp. 519, 519 (N.D. Tex. 1990); *Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979)). The Court finds that Kapche has not met his burden as to this basis for finding venue.

### Conclusion

Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer (Dkt. #15) is hereby GRANTED. The above-captioned action is hereby TRANSFERRED to the United States District Court for the District of Columbia.

It is so **ORDERED**.

Signed this 2nd day of November, 2007.

*[signature: John D. Rainey]*
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

10

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By: *[signature]*
Deputy Clerk   10 pages

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

JEFFREY KAPCHE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**DEFENDANTS**

ALBERTO GONZALES

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:07-cv-02093
Assigned To : Robertson, James
Assign. Date : 11/16/2007
Description: Civil Rights-Non-Employ.

*JURY ACTION* (stamp)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☒ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☐ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☒ 5 Transferred from another district (specify) USDC SDNY    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 12101 - ADA -

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐    **DEMAND $**    Check YES only if demanded in complaint  **JURY DEMAND** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES  ☐ NO    If yes, please complete related case form.

DATE 11-16-07    SIGNATURE OF ATTORNEY OF RECORD  NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

CLOSED, TRANSFERRED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Victoria)
## CIVIL DOCKET FOR CASE #: 6:07-cv-00031

| | |
|---|---|
| Kapche v. Gonzales DO NOT DOCKET. CASE TRANSFERRED OUT.<br>Assigned to: Judge John D. Rainey<br>Cause: 28:1331 Fed. Question: Employment Discrimination | Date Filed: 03/09/2007<br>Date Terminated: 11/08/2007<br>Jury Demand: Plaintiff<br>Nature of Suit: 445 Civil Rights: Americans with Disabilities - Employment<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Mr. Jeffrey Kapche**  represented by  **John W Griffin, Jr**
Marek Griffin & Knaupp
203 N Liberty St
Victoria, TX 77901
361-573-5500
Fax: 361-573-5040
Email: jwg@lawmgk.com
*ATTORNEY TO BE NOTICED*

**Katherine Louise Butler**
Butler & Harris
1007 Heights Blvd
Houston, Tx 77008
713-526-5677
Fax: 713-526-5691
Email: kathy@butlerharris.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mr. Alberto R Gonzales**  represented by  **Marsha S Edney**
US Department of Justice
20 Massachusetts Avenue, N.W.
Room 7148
Washington, DC 20530
202-514-4520
Fax: 202-616-8202 fax
Email: marsha.edney@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Charles Wendlandt, Jr
U S Attorney's Office
800 N Shoreline
Ste 500
Corpus Christi, TX 78401
361-888-3111
Fax: 361-888-3200
Email: Chuck.Wendlandt@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/09/2007 | 1 | COMPLAINT against Alberto R Gonzales ( Filing fee $ 350 receipt number 2478748) filed by Jeffrey Kapche.(Griffin, John) (Entered: 03/09/2007) |
| 03/12/2007 | 2 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 6/18/2007 at 09:20 AM in Room 406 before Judge John D. Rainey.(Signed by Judge John D. Rainey) Parties notified.(yhausmann, ) (Entered: 03/12/2007) |
| 03/14/2007 | 3 | First AMENDED Complaint with Jury Demand against Alberto R Gonzales filed by Jeffrey Kapche.(Griffin, John) (Entered: 03/14/2007) |
| 03/20/2007 | | Summons Issued as to Alberto R Gonzales. (yhausmann, ) (Entered: 03/20/2007) |
| 03/27/2007 | 4 | CERTIFICATE OF INTERESTED PARTIES, filed.(Griffin, John) (Entered: 03/27/2007) |
| 05/31/2007 | 5 | NOTICE *Vacation Letter* by Jeffrey Kapche, filed. (Griffin, John) (Entered: 05/31/2007) |
| 06/04/2007 | 6 | NOTICE *Vacation Letter* by Jeffrey Kapche, filed. (Butler, Katherine) (Entered: 06/04/2007) |
| 06/14/2007 | 7 | MOTION for Continuance of Initial Sceduling Conference by Jeffrey Kapche. (Attachments: # 1 Proposed Order)(Harris, Margaret) (Entered: 06/14/2007) |
| 06/15/2007 | 8 | Scheduling Conference set for 8/6/2007 at 10:00 AM before Judge John D. Rainey.( Signed by Judge John D. Rainey ) Parties notified. (kwallace, ) Additional attachment(s) added on 6/19/2007 (kwallace, ). (Entered: 06/15/2007) |
| 07/16/2007 | 9 | CERTIFICATE OF SERVICE by Jeffrey Kapche, filed.(Griffin, John) (Entered: 07/16/2007) |
| 07/16/2007 | 10 | CERTIFICATE OF SERVICE by Jeffrey Kapche, filed.(Griffin, John) (Entered: 07/16/2007) |
| 07/27/2007 | 11 | MOTION for Continuance of Scheduling Conference by Jeffrey Kapche. (Attachments: # 1 Proposed Order)(Butler, Katherine) (Entered: |

| | | |
|---|---|---|
| | | 07/27/2007) |
| 07/31/2007 | 12 | ORDER Resetting Scheduling Conference re: 11 Plaintiff's Motion to Continue. (Signed by Judge John D. Rainey.) Parties notified. (yhausmann, ) (Entered: 07/31/2007) |
| 07/31/2007 | | ***Reset Hearings: Scheduling Conference set for 9/17/2007 at 09:20 AM in Room 406 before Judge John D. Rainey. (yhausmann, ) (Entered: 07/31/2007) |
| 08/08/2007 | 13 | Unopposed MOTION for Extension of Time Answer by Alberto R Gonzales, filed. Motion Docket Date 8/28/2007. (Attachments: # 1 Proposed Order)(Wendlandt, Charles) (Entered: 08/08/2007) |
| 09/14/2007 | 14 | NOTICE of Resetting. Parties notified. Scheduling Conference is rescheduled to 9/18/2007 at 09:30 AM before Judge John D. Rainey...Attorneys may appear by telephone...Contact the Case Manager for further instructions... (jrichards, ) (Entered: 09/14/2007) |
| 09/14/2007 | 15 | MOTION to Dismiss *for Improper Venue, or in the alternative to transfer,*, and Defendant's Memorandum in Support of Motion to Dismiss, by Alberto R Gonzales. (Attachments: # 1 Exhibit Declaration of Alvina Jones# 2 Proposed Order)(Edney, Marsha) Modified to conform the docket entry to the title of the document on 9/17/2007 (yhausmann, ). (Entered: 09/14/2007) |
| 09/17/2007 | 16 | JOINT DISCOVERY/CASE MANAGEMENT PLAN by Jeffrey Kapche, filed.(Butler, Katherine) (Entered: 09/17/2007) |
| 09/18/2007 | 17 | CONFERENCE MEMORANDUM: Rule 16 Conference is continued to 9:00 a.m. on November 5, 2007, subject to the Court's ruling on Defendant's Motion to Dismiss. Appearances: Katherine Louise Butler, Marsha S Edney, John W Griffin, Jr..( Signed by Judge John D. Rainey ) Parties notified.(ltesch, ) (Entered: 09/18/2007) |
| 09/18/2007 | | *** Rule 16 Scheduling Conference reset for 11/5/2007 at 09:00 AM before Judge John D. Rainey. (ltesch, ) (Entered: 09/18/2007) |
| 09/21/2007 | 18 | RESPONSE in Opposition to 15 MOTION to Dismiss *for Improper Venue, or in the alternative to transfer,*, filed by Jeffrey Kapche. (Attachments: # 1 Affidavit of Katherine L. Butler# 2 Exhibit Exhibits 1-7# 3 Exhibit Exhibit 8# 4 Proposed Order)(Butler, Katherine) (Entered: 09/21/2007) |
| 09/26/2007 | 19 | MOTION for Leave to File Reply brief by Alberto R Gonzales. (Attachments: # 1 Proposed Order)(Edney, Marsha) (Entered: 09/26/2007) |
| 09/26/2007 | 20 | ORDER granting 19 Defendant's Motion for Leave to File Reply Brief. (Signed by Judge John D. Rainey) Parties notified. (yhausmann, ) (Entered: 09/28/2007) |
| 10/03/2007 | 21 | REPLY in Support of 15 MOTION to Dismiss *for Improper Venue, or in the alternative to transfer,*, filed by Alberto R Gonzales. (Attachments: # |

| | | |
|---|---|---|
| | | 1 Exhibit Declarations)(Edney, Marsha) (Entered: 10/03/2007) |
| 10/04/2007 | 22 | SURREPLY to 15 MOTION to Dismiss *for Improper Venue, or in the alternative to transfer,*, filed by Jeffrey Kapche. (Butler, Katherine) (Clerk notes that page 4 was left blank by attorney/e-filer.)(yhausmann, ). (Entered: 10/04/2007) |
| 11/02/2007 | 23 | ORDER granting 15 Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer. This action is transferred to the US District Court for the District of Columbia. (Signed by Judge John D. Rainey) Parties notified. (yhausmann, ) (Entered: 11/02/2007) |
| 11/07/2007 | 24 | MOTION for Reconsideration of 23 Order on Motion to Dismiss, by Jeffrey Kapche. (Attachments: # 1 Proposed Order)(Butler, Katherine) (Entered: 11/07/2007) |
| 11/08/2007 | 25 | Interdistrict transfer to USDC, District of Columbia. Copies of documents numbered 23, Certified copy of transfer order, certified docket sheet, and two copies of transfer letter (with a return envelope) sent by FedEx. Case terminated on November 2, 2007. (yhausmann, ) (Entered: 11/08/2007) |
| 11/08/2007 | 26 | Documents Sent by FedEx to USDC, District of Columbia; Tracking Number 7908 7026 0257 re: 23 Order, 25 Transfer Documents. (yhausmann, ) (Entered: 11/08/2007) |
| 11/14/2007 | 27 | RESPONSE in Opposition to 24 MOTION for Reconsideration of 23 Order on Motion to Dismiss, filed by Alberto R Gonzales. (Edney, Marsha) (Entered: 11/14/2007) |
| 11/16/2007 | | ***Delivery Confirmation; delivery date(s) 11/09/07 re: 26 Document(s) Sent, filed. (ltesch, ) (Entered: 11/16/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/16/2007 13:39:27 | | | |
| PACER Login: | us3871 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 6:07-cv-00031 |
| Billable Pages: | 2 | Cost: | 0.16 |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEFFREY KAPCHE,**<br>Plaintiff(s), | |
| vs. | Civil Case No.  007-2093 (JR) |
| **ALBERTO GONZALES**<br>Defendant(s). | |

## NOTICE REGARDING EXHIBIT

Pursuant to the procedures for filing documents electronically, as outlined in the previous Order of the Court, this Notice serves as notification that the transfer documents in this case have been filed in paper form in a the Clerk's Office.  They are available for public viewing  and copying between the  hours of 9:00 a.m. and  4:00 p.m., Monday through Friday.

                                              **NANCY MAYER-WHITTINGTON**

                                              Clerk