UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jeffrey Kapche,<br>Plaintiff, | §<br>§ | CIVIL ACTION NO. 07-2093 (JR) |
| | § | |
| vs. | § | |
| | § | |
| Alberto Gonzales, Attorney General of the United States,<br>Defendants | §<br>§<br>§ | A JURY IS DEMANDED |

**Joint Discovery/Case Management Plan**
**Under Rule 26(f)**
**Federal Rules of Civil Procedure**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Response: The parties met on December 21, 2007, on the telephone. Present were Katherine Butler, counsel for the plaintiff, and Marsha Edney, counsel for the defendant.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   Response: None.

3. Briefly describe what this case is about.

   Response:

   Plaintiff's Statement. This is an action under Section 501 of the Rehabilitation Act of 1973 to correct unlawful employment practices in the job selection process for FBI Special Agent. Jeffrey S. Kapche ("Kapche ") had his offer of a special agent position revoked by the FBI in 2004 for only one reason – he has Type 1 diabetes. While endocrinologists call him a "role model" for diabetes patients, and praise his "extraordinary control over his diabetes," the FBI rejected him based on stereotypes and prejudices against those with diabetes. The FBI claimed – without a shred of medical evidence – that his diabetes "is not sufficiently controlled to meet the requirements of the Special Agent position." The FBI has admitted, in writing, that no expert in diabetes care participated in the decision and that it had no medical records indicating any such lack of "control."

Defendant's Statement.

Plaintiff alleges that he was discriminated against on the basis of a disability when his conditional offer of employment with the FBI as a Special Agent was rescinded based on the medical information he submitted which showed that his diabetes was not sufficiently controlled to meet the requirements for the job. Defendant denies plaintiff's allegation.

4. Specify the allegation of federal jurisdiction.

Response: Federal question jurisdiction is asserted under 28 U.S.C. § 1331 and 29 U.S.C. § 791.

5. Name the parties who disagree and the reasons.

Response: Not applicable.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Response: None.

7. List anticipated interventions.

Response: None.

8. Describe class-action issues.

Response: None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Response: The parties agree that they will make their initial disclosures by January 7, 2008. The defendant states that it will provide the responsive documents within 7 business days after an appropriate protective order is signed by the Court.

10. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

Response:

(1) The parties do not request any changes in the form or requirement for disclosure under subdivision (a) or local rules.

(2) The parties agree to start discovery with an initial round of paper discovery, after which they will begin depositions. The parties agree to complete all discovery by September 30, 2008. The parties will do discovery on all liability and damages issues.

(3) The parties agree to discuss the form of electronic discovery promptly after the defendant has responded to discovery requests for electronically stored information with the printed out discovery.

(4) The defendant requests the entry of a privacy act protective prior to producing document discovery.

(5) The parties at this time request no changes in the limitations on discovery imposed by federal and local rules.

(6) The parties do not request any other orders be issued under Rule 26(c) or Rule 16(b) and (c).

B. When and to whom the plaintiff anticipates it may send interrogatories.

Response: The plaintiff has served interrogatories on the defendant and the defendant will respond by February 1st.

C. When and to whom defendant anticipates they may send interrogatories.

Response: Defendant anticipates that it will send interrogatories to the plaintiff and will do so within the next 90 days.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Response: At this time, the plaintiff plans to depose the individuals listed as having knowledge of relevant facts by the close of discovery.

E. Of whom and by when the defendant anticipates taking oral depositions.

Response: At this time, defendant plans to depose the plaintiff and other fact witnesses as identified in the parties' initial disclosures by close of discovery

F. (i) Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.

Response: The plaintiff will designate experts and provide their reports, except for reports by nonretained experts on attorneys' fees, by April 1, 2008.

(ii) Specify the date experts for defendant will be designated and their reports provided to opposing party.

Response: Defendant will designate experts and provide their reports, except for reports by nonretained experts on attorneys' fees, on or before June 2nd.

G. List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Response: The plaintiff anticipates taking the deposition of any defense experts as soon as reasonably possible after designation of the expert, but certainly by the close of discovery.

H. List expert depositions the defendant anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Response: Defendant anticipate taking the deposition of any plaintiff's experts as soon as reasonably possible after designation of the expert, but certainly by the close of discovery.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Response: The parties have agreed on a discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Response: Because this matter was previously before an EEOC administrative judge, the parties exchanged some information in that process. In addition, the plaintiff has served interrogatories and document requests on the defendant in this litigation.

13. State the date the planned discovery can reasonably be completed.

Response: The parties agree that discovery can be completed by September 30, 2008.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Response: At the present, the parties have agreed to talk about settlement with their clients and then ascertain whether there is a possibility for early resolution of this dispute.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

Response: The parties have discussed the possibility of settling this dispute with their clients.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Response: If informal settlement negotiations are not fruitful, the parties will consider whether mediation would be appropriate for this case.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Response: The parties have not agreed to proceed before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

Response: A timely jury demand has been made.

19. Specify the number of hours it will take to present the evidence in this case.

Response: The parties estimate that presentation of the evidence will take no more than 40 hours.

20. List pending motions that could be ruled on at the time of the initial pretrial and scheduling conference.

Response: None.

21. List other motions pending.

Response: None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Response: None.

23. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

Response: The plaintiff filed his Disclosure of Interested Persons on March 30, 2007. The defendant is a governmental party and is not required to file a Disclosure Statement under Fed. R. Civ. P. 7.1(a).

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

Response: Counsel for the plaintiff:

John Griffin
Texas State Bar No. 084660300
203 North Liberty Street
Victoria, Texas 77901
(361) 573-5500
(361) 573-5040 (fax)
Email: jwg@lawmgk.com

Katherine L. Butler
Texas State Bar No. 03526300
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
(713) 526-5691 (fax)
Email: kathy@butlerharris.com

David R. Cashdan, Esq.
Cashdan & Kane PLLC
District of Columbia Bar No. 051342
1150 Connecticut Avenue N.W.
Washington, D.C. 20036-4129
(202) 862-4353 (telephone)
(202) 862-4331 (fax)
Email: dcashdan@cashdankane.com

Counsel for the defendant:

Marsha S. Edney
District of Columbia Bar No. 414271
US Department of Justice, Civil Division
20 Massachusetts Ave., NW, Rom 7148
Washington, D.C. 20530
(202) 514-4520
(202) 318-1287 (fax)
Email: marsha.edney@usdoj.gov

Respectfully submitted,

/s/ John Griffin
Marek, Griffin & Knaupp, L.L.P.
203 N. Liberty Street
Victoria, Texas 77901
(361) 573-5500
(361) 573-5040 (fax)

/s/ Marsha Edney
US Department of Justice, Civil Division
20 Massachusetts Ave., NW, Rom 7148
Washington, D.C. 20530
(202) 514-4520
(202) 318-1287 (fax)