UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jeffrey Kapche, | § | CIVIL ACTION NO. 07-2093 (JR) |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| Michael Mukasey, Attorney General of the | § | |
| United States, | § | |
| Defendants | § | A JURY IS DEMANDED |

**Plaintiff's Response to the Defendant's Motion for Protective Order**

The plaintiff, Jeffrey Kapche, files this response in opposition to a provision of the defendant's proposed protective order.

A Reasonable Protective Order is Appropriate

Mr. Kapche and his counsel have no quarrel with a reasonable protective order in this case and have spent hours trying to work with opposing counsel in order to agree on one. Mr. Kapche, after all, is a seasoned law enforcement officer and, while he wants to pursue this case, he is committed to honoring obligations to keep confidential certain documents produced by the government, as he fully expects Government witnesses to do. When counsel for the defendant filed a motion for protective order, counsel for the parties conferred and have reached agreement as to most of the provisions of the requested protective order. Attached as Exhibit "A" is a true and correct copy of the proposed order that shows in bold print the area of disagreement.

The Area at Issue

The defendant insists that any individual (except court reporters) to whom the plaintiff shows "protected materials" must sign a lengthy statement before having access to them.[1] As the proposed protective order reveals, this is not something the defendant is prepared to do itself, it is

---

[1] The FBI's proposed statement is attached as Exhibit "B."

only a requirement for the plaintiff and his witnesses.  And, rather than providing any proper justification for this requirement, the FBI's counsel simply says (1) it is the way she has always handled protective orders and (2) it is not very burdensome.

These justifications can hardly be said to comply with the defendant's burden, under Rule 26(c), to prove "good cause" for such a requirement.  As Charles Allen Wright's treatise on federal practice makes clear, "the existence of good cause for a protective order is a factual matter to be determined from the nature and character of the information sought … weighed in the balance of the factual issues involved in each action".  8 FEDERAL PRACTICE AND PROCEDURE 2D § 2036, at 484-86 (*quoted in United States v. Microsoft Corp.*, 334 U.S. App. D.C. 165 (D.C. Cir. 1999) ).  To date, the FBI's counsel has not presented any facts that would support this requirement.  Certainly, there was no proof supplied with the government's motion.

The undersigned counsel are officers of the court and fully understand their obligation to inform anyone who sees protected materials that these materials must be kept confidential.  They will honor that obligation, just as they did in *Gunnels v. Ashcroft,* Civil Action No. V-02-132, in the United States District Court for the Southern District of Texas; *Wise v. Ashcroft,* Civil Action No. SA-04-CA-1142-RF, in the United States District Court for the Western District of Texas; *Lee v. Ashcroft*, Civil Action No. H-03-1752, in the United States District Court for the Southern District of Texas; *Allmond v. Gonzales*, 4:05-CV-96, in the United States District Court for the Middle District of Georgia; and *Branham v. Snow*, Civil Action No. 1:01-CV-0152-JDT-WTL, in the United States District Court for the Southern District of Indiana.  Protective orders are common in government cases and are agreeable to the extent they are reasonable.  None of these cases included the requirement at issue here.  And in none of these cases was there any issue about protected materials being improperly handled.

2

There is simply no "good cause" for introducing an additional procedure that requires witnesses to review and sign a lengthy agreement. Frankly, plaintiff's counsel has also been informed that several members of the D.C. bar have entered into protective orders with the FBI that do not include this requirement. One such order is attached as Exhibit "C."

Conclusion

The plaintiff, Jeffrey Kapche, respectfully asks that the Court to enter a protective order that includes the provisions on which the parties are in agreement and excludes the requirement for which the defendant has failed to show "good cause." Such an order is attached.

Respectfully submitted,

s/ John W. Griffin, Jr.
Texas Bar No. 08460300
Marek, Griffin & Knaupp
203 N. Liberty Street
Victoria, Texas 77901
(361) 573-5500
Fax  (361) 573-5040

Katherine L. Butler
Texas Bar No. 03526300
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677
Fax (713) 526-5691

David R. Cashdan
D.C. Bar No.  051342
Cashdan & Kane, PLLC
1150 Connecticut Avenue N.W.
Washington, D.C.  20036-4129
(202) 862-4353 (telephone)
(202) 862-4331 (fax)

**Certificate of Service**

      I certify that a true and correct copy of this document has been served upon the defendants' counsel via electronic service on the 5th day of February 2008, addressed as follows:

      Marsha S. Edney (Marsha.Edney@usdoj.gov)
      US Department of Justice, Civil Division
      20 Massachusetts Ave., NW, Room 7148
      Washington, D.C.  20530

                           s/ Katherine L. Butler

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jeffrey Kapche, | § | CIVIL ACTION NO. 07-2093 (JR) |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| Michael Mukasey, Attorney General of the | § | |
| United States, | § | |
| Defendants | § | A JURY IS DEMANDED |

**Declaration of Katherine L. Butler**

1.  My name is Katherine L. Butler.  I am more than eighteen years of age and fully competent to make this declaration.  I have personal knowledge of the facts stated herein and they are true and correct.

2.  I represent the plaintiff, Jeffrey Kapche.  My co-counsel, John Griffin and I have had numerous cases against the federal government, as itemized in our response to the motion for protective order.   While protective orders have been entered in our cases against the government, those protective orders did not require individuals to sign a statement before having access to the protected materials. Indeed, Mr. Griffin and I have never entered into such a protective order in any case and we have been practicing more than 50 years between the two of us.

3.  In none of our cases against the government has there been any suggestion that we or our witnesses improperly handled protected materials.  I have discussed with the FBI's counsel the fact that we have not entered into such protective orders in the past and, despite this, there has never been a problem.  Her justifications for the requirement are that this is a requirement in all protective orders she has entered and it is not very burdensome on the plaintiff.  Yet the order she proposes does not require the same onerous requirement upon her client.

4.  Attached to our response to the motion for protective order are (1) a true and correct

copy of the protective order that the FBI's counsel and I have negotiated – showing the disputed

provisions in bold (Exhibit "A"); (2) a true and correct copy of the statements that the FBI wishes

witnesses to sign (Exhibit "B"); and (3) a true and correct copy of a protective order entered in

another case against the FBI in the district court for the District of Columbia (Exhibit "C").

I declare under penalty of perjury that the foregoing is true and correct.

Signed in Houston, Texas, USA this 5th day of February 2008.

/s/ Katherine L. Butler

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jeffrey Kapche, | ) | |
| | ) | |
| Plaintiff | ) | Civ. Action No. 1:07-cv-02093 |
| | ) | Hon. James Robertson |
| v. | ) | |
| | ) | |
| Michael B. Mukasey, Attorney | ) | |
| General of the United States, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## [PROPOSED] PRIVACY ACT PROTECTIVE ORDER

**IT IS HEREBY ORDERED,** pursuant to Rule 26(c), Fed. R. Civ. P., and the Privacy

Act of 1974, 5 U.S.C. § 552a(b)(11), that this Order shall govern the production and use in the

above-captioned action of any records, documents and/or information that (1) may be Privacy

Act-protected and/or otherwise might intrude upon the privacy interests of present or former

government employees or (2) in cases where the FBI determines that the disclosure of the

individual's name may endanger ongoing law enforcement efforts.

1. Definitions:

   a)    As used in this Privacy Protective Order, the term "Protected Materials"

        means certain government records, documents and other information,

        including computerized or electronic information, that are protected from

        disclosure under any applicable law or regulation including the Privacy

        Act, 5 U.S.C. § 552(a) or the disclosure of which might otherwise intrude

        upon the privacy interests of present or former government employees,

        might endanger ongoing law enforcement efforts or might endanger

        employees who have engaged in undercover investigative activities;

b)      For purposes of this Privacy Protective Order, the term "record" as it relates to Privacy Act protected materials shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4).

2.      The Federal Bureau of Investigation are hereby authorized to release Protected Materials to plaintiff's attorneys in the subject action.

3.      Protected Materials shall be marked "CONFIDENTIAL," "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. For any records, such as electronic data, whose medium makes such stamping impracticable, the cd, diskette, or tape case and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Answers to interrogatories, if any, that contain Protected Materials also shall be marked "CONFIDENTIAL," "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking.

4.      All computerized or electronic databases that contain employee names and social security numbers may be given unique identifiers by defendant before being produced to plaintiff if the FBI determines, in good faith and after careful review, that this is necessary to avoid the inadvertent dissemination of the names of covert undercover operatives. Such a determination by the FBI does not waive the plaintiff's right to seek this information if he believes it is needed in discovery or at trial.

5.      Protected Materials, any copies thereof, and any and all the information contained therein, shall be distributed to, and used by, only those individuals listed in paragraph 7 of this

Order for the sole purpose of this litigation and shall not be disclosed, in any manner hatsoever, to anyone for any other purpose, without modification of this Order approved by the Court.

6.      Protected Materials, any copies thereof, and any and all information contained therein shall not be published or disseminated to the public in any form, including the internet.

7.      Protected Materials, and any copies thereof, and the information contained therein, may be disclosed only to:

a)      plaintiff's attorneys and persons regularly in the employ of the plaintiff's attorneys assisting in this litigation, including secretarial, clerical and paralegal or student personnel;

b)      plaintiff Jeffrey Kapche;

c)      the Court and its personnel, including court reporters;

d)      witnesses and potential witnesses, provided disclosure is in good faith calculated to aid in litigating this case;

e)      consultants and expert witnesses consulted, retained, or hired by any party to this litigation, but only to the extent necessary to provide a foundation for or elicit the expert testimony and/or other evidence.

f)      court reporters and videographers at depositions in this case.

**8.      Any person listed in paragraph 7 (except the Court and court reporters and videographers at depositions) who is to review Protected Materials must sign the appropriate Acknowledgment of Privacy Protective Order attached hereto before he or she is given access to Protected Materials.**

9.      Any Protected Materials, including, but not limited to, responses to interrogatories and those portions of depositions where the contents of Protected Materials are

discussed shall be filed, if at all, under seal.  The parties shall treat those portions of deposition transcripts as Protected Materials subject to this Protective Order.

10.     The manner of using any Protected Materials at the trial of this litigation shall, after consultation between counsel, be determined by the Court at or about the time when the final pretrial order is submitted to the Court.

11.     Defendant's failure to designate any materials as Protected Materials shall not constitute a waiver of any timely assertion that the materials are covered by this Protective Order.

12.     All individuals to whom Protected Materials are disclosed by plaintiff or by plaintiff's counsel consistent with the restrictions in paragraphs 5, 6, 7, & 8  shall destroy or return any and all Protected Materials and copies thereof in their possession to plaintiff's counsel of record upon termination of this litigation, or when they are no longer a party to or assigned or retained to work on this litigation, whichever comes earlier.

13.     Protected Materials and all copies thereof (other than Protected Materials and copies presented in open court consistent with the provisions of this Order) must be destroyed or returned to the United States Department of Justice, Civil Division, within sixty (60) days after the termination of this litigation, including any appeals.  Any document created by plaintiff or his counsel which contains or reflects Protected Materials (other than documents presented in open court consistent with the provisions of this Order) must be destroyed when this litigation is terminated.

14.     At the request of defendant, plaintiff's counsel shall certify to the destruction of all such documents, as referenced in paragraphs 13 and 14, not returned to the United States

Department of Justice, Civil Division within sixty (60) days of the termination of this litigation, and/or receipt of the request, whichever is later.

15.    This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the production or admissibility of any material.

16.    Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of any court, or restrict a party's use of materials produced by that party. Nothing in this Order shall be construed to confer rights on any third party. Finally, nothing in this Order shall be construed to permit the disclosure of classified information.

17.    Plaintiff may release to defendant's attorneys of record personal information pertaining to plaintiff's alleged damages, including potentially relevant documents and/or information that pertain to plaintiff's medical condition and/or financial information. Although not subject to the other provisions of this Order, defendant shall treat these materials as confidential and defendant shall disseminate these materials only to the legal staff assigned to work on plaintiff's case as well as to any experts who defendant may retain in this lawsuit.

18.    Defendant and plaintiff retain the right to challenge the designation of Confidential Material as not properly designated as Protected Material in accordance with Fed. R. Civ. P. 26, or to request the Court to modify any of the restrictions contained in this Protective Order.

19.    Defendant is hereby authorized to release to plaintiff's counsel Privacy Act-protected records pertaining to the plaintiff. Plaintiff's counsel hereby represent that they are authorized to receive such records. This Protective Order does not regulate plaintiff's use of

Privacy Act-protected records pertaining to plaintiff except to the extent that such records also

constitute Protected Materials pertaining to any other person.


Dated: _____            _____
                                        JUDGE JAMES ROBERTSON
                                        UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Jeffrey Kapche, | ) | |
| | ) | |
| Plaintiff | ) | Civ. Action No. 1:07-cv-02093 |
| | ) | Hon. James Robertson |
| v. | ) | |
| | ) | |
| Michael B. Mukasey, Attorney | ) | |
| General of the United States, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ACKNOWLEDGMENT OF PRIVACY ACT PROTECTIVE ORDER**

I, , hereby acknowledge that I have read and understand the Privacy Act Protective
Order ("Order") entered in this action. I hereby agree to be bound by the terms of the
Order. Specifically,

1.       I agree that I will use records and information protected by the Order only
for purposes of this litigation, including any appeals, and not for any other purpose of any
kind;

2.       I agree that records and information, and all copies thereof protected by the
Order, will be returned to the defendant or destroyed within 60 days after the termination
of this litigation. If plaintiff or plaintiff's counsel elect to destroy the documents, they will
so certify to the defendant within 60 days after the termination of this litigation;

3.       I agree that any documents created by plaintiff, his counsel, plaintiff's
attorneys' employees, consultants or expert witnesses containing Privacy Act information
will be destroyed when this litigation is concluded, and that plaintiff will so certify to the
defendant;

-1-

5.      I agree that I may disclose records and information protected by the Order only to the Court, the parties to this action and their attorneys of record, persons regularly in the employ of such attorneys, and any experts or consultants hired for this case by the plaintiff or his attorneys and who (except the Court) have signed an acknowledgment like this one and have a need for such information to perform duties specifically related to the conduct of this litigation;

6.      Should I wish to disclose the records that are subject to the Order to any additional persons except those indicated in the Order and herein, I will first seek the defendant's consent;

7.      I agree that those portions of any filings with the Court which contain records or information protected by the Order shall be filed under seal;

8.      I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time; and

9.      I hereby consent to the personal jurisdiction of the United States District Court for the District of Columbia in the above-captioned case for the purpose of enforcing the aforementioned Order.


_____

[signature]


_____

[print name]


Dated: _____

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

Jeffrey Kapche,              )
                       )

     Plaintiff            )     Civ. Action No. 1:07-cv-02093
                       )     Hon. James Robertson

     v.                    )
                       )

Michael B. Mukasey, Attorney   )
General of the United States,       )
                       )

     Defendant.          )
_____)

## ACKNOWLEDGMENT OF PRIVACY ACT PROTECTIVE ORDER BY EXPERT WITNESS OR LITIGATION CONSULTANT

I, _____, hereby acknowledge that I have read and understand the Privacy Act Protective Order entered in this action. I hereby agree to be bound by the terms of the Order. Specifically,

1.     I agree that I will use records and information protected by the Order only for purposes of this litigation, including any appeals, and not for any other purpose of any kind;

2.     I agree that records and information, and all copies thereof protected by the Order, will be returned to plaintiff's counsel prior to the termination of this litigation, or when I am no longer assigned or retained to work on this case, whichever comes earlier so that the records and information may be returned to the defendant or destroyed within 60 days after the termination of this litigation;

3.     I agree that I may disclose records and information protected by the Order only to the Court, and the plaintiff's attorneys of record, persons regularly in the employ of

such attorneys, and any other experts or consultants hired for this case by the plaintiff or his attorneys and who (except the Court) have signed an acknowledgment like this one and have a need for such information to perform duties specifically related to the conduct of this litigation;

4.      I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

5.      I hereby consent to the personal jurisdiction of the United States District Court for the District of Columbia in the above-captioned case for the purpose of enforcing the aforementioned Order.

_____

[signature]

_____

[print name]

Dated: _____

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jeffrey Kapche, | ) | |
| | ) | |
| Plaintiff | ) | Civ. Action No. 1:07-cv-02093 |
| | ) | Hon. James Robertson |
| v. | ) | |
| | ) | |
| Michael B. Mukasey, Attorney | ) | |
| General of the United States, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ACKNOWLEDGMENT OF PRIVACY ACT PROTECTIVE ORDER**

I, , hereby acknowledge that I have read and understand the Privacy Act Protective Order ("Order") entered in this action. I hereby agree to be bound by the terms of the Order. Specifically,

1.      I agree that I will use records and information protected by the Order only for purposes of this litigation, including any appeals, and not for any other purpose of any kind;

2.      I agree that records and information, and all copies thereof protected by the Order, will be returned to the defendant or destroyed within 60 days after the termination of this litigation. If plaintiff or plaintiff's counsel elect to destroy the documents, they will so certify to the defendant within 60 days after the termination of this litigation;

3.      I agree that any documents created by plaintiff, his counsel, plaintiff's attorneys' employees, consultants or expert witnesses containing Privacy Act information  will be destroyed when this litigation is concluded, and that plaintiff will so certify to the defendant;

5.      I agree that I may disclose records and information protected by the Order only to the Court, the parties to this action and their attorneys of record, persons regularly in the employ

of such attorneys, and any experts or consultants hired for this case by the plaintiff or his

attorneys and who (except the Court) have signed an acknowledgment like this one and have a

need for such information to perform duties specifically related to the conduct of this litigation;

6.      Should I wish to disclose the records that are subject to the Order to any additional

persons except those indicated in the Order and herein, I will first seek the defendant's consent;

7.      I agree that those portions of any filings with the Court which contain records or

information protected by the Order shall be filed under seal;

8.      I hereby confirm that my duties under this Acknowledgment shall survive the

termination of this case and are binding upon me for all time; and

9.      I hereby consent to the personal jurisdiction of the United States District Court for

the District of Columbia in the above-captioned case for the purpose of enforcing the

aforementioned Order.


_____

[signature]


_____

[print name]


Dated: _____

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jeffrey Kapche, | ) | |
| | ) | |
| Plaintiff | ) | Civ. Action No. 1:07-cv-02093 |
| | ) | Hon. James Robertson |
| v. | ) | |
| | ) | |
| Michael B. Mukasey, Attorney | ) | |
| General of the United States, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ACKNOWLEDGMENT OF PRIVACY ACT PROTECTIVE ORDER BY EXPERT
WITNESS OR LITIGATION CONSULTANT**

I, _____, hereby acknowledge that I have read and

understand the Privacy Act Protective Order entered in this action. I hereby agree to be bound by

the terms of the Order. Specifically,

1.      I agree that I will use records and information protected by the Order only for

purposes of this litigation, including any appeals, and not for any other purpose of any kind;

2.      I agree that records and information, and all copies thereof protected by the Order,

will be returned to plaintiff's counsel prior to the termination of this litigation, or when I am no

longer assigned or retained to work on this case, whichever comes earlier so that the records and

information may be returned to the defendant or destroyed within 60 days after the termination of

this litigation;

3.      I agree that I may disclose records and information protected by the Order only to

the Court, and the plaintiff's attorneys of record, persons regularly in the employ of such

attorneys, and any other experts or consultants hired for this case by the plaintiff or his attorneys

and who (except the Court) have signed an acknowledgment like this one and have a need for

such information to perform duties specifically related to the conduct of this litigation;

4.      I hereby confirm that my duties under this Acknowledgment shall survive the

termination of this case and are binding upon me for all time.

5.      I hereby consent to the personal jurisdiction of the United States District Court for

the District of Columbia in the above-captioned case for the purpose of enforcing the

aforementioned Order.


[signature]                                   _____


[print name]                                  _____

Dated: _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER W. DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No. 03-02531 (RBW)** |
| | ) |
| **ALBERTO R. GONZALEZ,** | ) |
| **ATTORNEY GENERAL,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## STIPULATED PRIVACY PROTECTION ORDER

The parties in this case, which involves allegations of violations of Title VII of the Civil

Rights Act, 42 U.S.C. § 2000e, are engaged in discovery. The parties contemplate the exchange of

documents or other information containing personal and other information which may be subject to

privacy protections or other confidentiality restrictions. Pursuant to the provisions of the Privacy

Act of 1974, 5 U.S.C. § 552a *et seq.* and Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED,** that this Order shall govern the production and use of any

records, documents and/or information that are Privacy Act-protected, that are protected under the

FBI Manual of Administrative Operations and Procedures (MAOP) and/or that otherwise intrude

upon the privacy or confidentiality interests of former or present government employees, including

Plaintiff, or persons who are not parties to this litigation (hereafter collectively referred to as

"Protected Materials").

1. The parties are hereby authorized to release to each other, their respective counsel and the

Court in this case, records or information derived from such records, pertaining to past or present

federal employees or non-parties (1) the release of which otherwise would be prohibited by the

Privacy Act or other privacy protection or confidentiality interests; and (2) that is relevant to this action. This release may occur without obtaining the prior written consent of the individuals to whom such records or information pertain. Such disclosure of records or information, and other materials that either party may determine to be of a confidential or sensitive nature, shall be subject to the provisions of this Stipulated Privacy Protection Order ("Stipulated Order").

2.     For purposes of this Protective Order, the term "Protected Information" means documents, information, government records, or other materials that are subject to the provisions of this Stipulated Order. Counsel for the party releasing to opposing counsel documents, materials, information, or government records covered by this Order shall, by cover letter mailed with the disclosures to opposing counsel, provide notice that the items disclosed contain Protected Information that is subject to this Order.

3.     To the extent feasible, the producing party will mark documents or materials containing Protected Information with the designation "CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Upon request from the receiving party, Counsel for the producing party will promptly explain the basis for designating such material as being subject to the Protective Order. Answers to interrogatories, if any, that contain Protected Information also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking.

4.     Except as provided in paragraph 5, infra, the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts containing Protected Information.

5.     If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of information that has been designated as subject to this Stipulated Order pursuant to paragraph 3, supra, including portions of deposition testimony or exhibits that contain, reference, or discuss information subject to this Stipulated Order, that party shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph 3 of this Order and shall be filed in the public record.  Version Two shall contain no redactions and shall be filed under seal pursuant to Local Civil Rule 5.1(j).

6.     Except insofar as a person would have had access to Protected Information apart from this litigation in the normal course of business (as, for example, any doctor would have access to records he or she created, and certain employees of the Federal Bureau of Investigation (FBI) would have access to particular FBI records), access to the material and information designated as subject to this Stipulated Order shall be limited to:

a) the parties

b) counsel for the parties to this litigation and their law clerks, interns, legal assistants, paralegals, and secretaries, to the extent those individuals are assisting the attorneys in this litigation;

c) the Court and its personnel, including court reporters;

d) third parties whose testimony is taken in this action, but only to the extent necessary to elicit testimony concerning Protected Information; and

e) consultants and expert witnesses retained by any party to this litigation, only if necessary for their expert opinion and/or testimony.

3

7.    Any person having access to Protected Information shall be informed that it is confidential and subject to a non-disclosure Order of the Court. Individuals to whom Protected Information is made available are bound by the restrictions in this order. Counsel for the parties shall take all reasonable steps to ensure that individuals in their employ and persons mutually authorized by all counsel to examine such materials comply with this Stipulation and Order.

8.    Except as otherwise provided herein, no person having access to Protected Information shall reveal such information to any other person not named in paragraph 6 without further Order of the Court or stipulation of the parties. Those having right of access to the Protected Information shall use such material and any information derived therefrom only for purposes of litigating the instant lawsuit, and shall take all reasonable steps to prevent the use or disclosure of such material or information for any other reason.

9.    Any specific part or parts of the restrictions imposed by this Protective Order, as applied to particular documents, may be terminated at any time by a letter from counsel for the party claiming protection, or by Order of the Court upon a showing of just cause.

10.    All documents and copies of documents designated as subject to this Stipulated Order, or any document created by a party or counsel to the party that contains or reflects Protected Information, must be returned to counsel for the producing party or destroyed within 60 calendar days of the conclusion of all trial and appellate proceedings in this case, except that counsel for a party may retain a single copy of any document used as an exhibit or included with any pleadings or other filings. If the documents are destroyed, the destroying party's counsel shall certify in writing within sixty-five (65) days of the conclusion of the litigation that the documents have been destroyed. If counsel elects to retain a single copy of any document used as an exhibit or included

4

with any pleadings or other filings which contains Protected Information, counsel shall continue to be bound by this Order and Confidentiality Agreement to keep the Protected Information confidential for as long as the records are retained by counsel.

11.     This Stipulated Order does not constitute a ruling on the question of whether any particular information or document is properly discoverable or admissible, and does not constitute a ruling on any potential objection as to whether any document or information is discoverable.

12.     Nothing contained in this Stipulated Order shall be construed as precluding the parties from introducing Protected Information into evidence at the trial of this case.  If, however, such information is to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected.  This Stipulated Order is without prejudice to the rights of any party to make any evidentiary objections at trial.

13.     This Stipulated Order shall not apply to documents that contain Classified information.

14.     This Stipulated Order is without prejudice to the rights of any party to seek from the Court modification of this Stipulated Order.

15.     Defendant is hereby authorized to release to Plaintiff Privacy Act-protected or confidential records pertaining to himself.  This Stipulated Order does not regulate Plaintiff's use of Privacy Act-protected or confidential records pertaining to himself except to the extent that such records otherwise constitute Protected Information.

16.     The parties and their legal counsel shall be responsible for any improper releases of

Protected Information which results from a failure to comply with this Stipulation and Order.  The

duties under this Stipulation and Order shall remain binding beyond the withdrawal of counsel and

the termination of this case.


Respectfully submitted,


_____
BRUCE A. FREDRICKSON
D.C. Bar #933044
JONATHAN C. PUTH
D.C. Bar #439241
Webster, Fredrickson & Brackshaw
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 659-8510

Counsel for the Plaintiff

_____
KENNETH L. WAINSTEIN,
D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE
D.C. Bar # 171538
Assistant U.S. Attorney

_____
OLIVER W. McDANIEL
Assistant United States Attorney
D.C. Bar #377360
Civil Division
555 Fourth Street, N.W.
Washington D.C.  20530
(202) 616-0739


Dated: April 28, 2005

IT IS HEREBY ORDERED:


Dated: _____       _____
                                      UNITED STATES DISTRICT JUDGE


6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jeffrey Kapche, | § | CIVIL ACTION NO. 07-2093 (JR) |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| Michael Mukasey, Attorney General of the | § | |
| United States, | § | |
| Defendants | § | A JURY IS DEMANDED |

**PRIVACY ACT PROTECTIVE ORDER**

Pending before this Court is the defendant's motion for entry of a protective order and the plaintiff's response.  The Court agrees that the defendant has not shown "good cause" for the requirement that individuals sign a statement before having access to the materials covered by this protective order and thus the defendant's motion is denied in this regard. Accordingly, the Court enters the following protective order for this case:

**IT IS HEREBY ORDERED,** pursuant to Rule 26(c), Fed. R. Civ. P., and the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11), that this Order shall govern the production and use in the above-captioned action of any records, documents and/or information that (1) may be Privacy Act-protected and/or otherwise might intrude upon the privacy interests of present or former government employees or (2) in cases where the FBI determines that the disclosure of the individual's name may endanger ongoing law enforcement efforts.

1.  Definitions:

    a)    As used in this Privacy Protective Order, the term "Protected Materials" means certain government records, documents and other information, including computerized or electronic information, that are protected from disclosure under any applicable law or regulation including the Privacy Act, 5 U.S.C. § 552(a) or the disclosure of which might otherwise intrude upon the privacy interests of present or former government employees,  might

endanger ongoing law enforcement efforts or might endanger employees

who have engaged in undercover investigative activities;

b)          For purposes of this Privacy Protective Order, the term "record" as it

relates to Privacy Act protected materials shall have the same

meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4).

2.      The Federal Bureau of Investigation is hereby authorized to release Protected

Materials to plaintiff's attorneys in the subject action.

3.      Protected Materials shall be marked "CONFIDENTIAL," "PRODUCED SUBJECT

TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar

marking.  For any records, such as electronic data, whose medium makes such stamping

impracticable, the cd, diskette, or tape case and/or accompanying cover letter shall be marked

"PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE

ORDER" or contain a similar marking.  Answers to interrogatories, if any, that contain Protected

Materials also shall be marked "CONFIDENTIAL," "PRODUCED SUBJECT TO PROTECTIVE

ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking.

4.      All computerized or electronic databases that contain employee names and social

security numbers may be given unique identifiers by defendant before being produced to plaintiffs

if the FBI determines, in good faith and after careful review, that this is necessary to avoid the

inadvertent dissemination of the names of covert undercover operatives.  Such a determination by

the FBI does not waive the plaintiff's right to seek this information if he believes it is needed in

discovery or at trial.

5.      Protected Materials, any copies thereof, and any and all the information contained

therein, shall be distributed to, and used by, only those individuals listed in paragraph 7 of this

Order for the sole purpose of this litigation and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose, without modification of this Order approved by the Court.

6.      Protected Materials, any copies thereof, and any and all information contained therein shall not be published or disseminated to the public in any form, including the internet.

7.      Protected Materials, and any copies thereof, and the information contained therein, may be disclosed only to:

a)      plaintiff's attorneys and persons regularly in the employ of the plaintiff's attorneys assisting in this litigation, including secretarial, clerical and paralegal or student personnel;

b)      plaintiff Jeffrey Kapche;

c)      the Court and its personnel, including court reporters;

d)      witnesses and potential witnesses, provided disclosure is in good faith calculated to aid in litigating this case;

e)      consultants and expert witnesses consulted, retained, or hired by any party to this litigation, but only to the extent necessary to provide a foundation for or elicit the expert testimony and/or other evidence.

f)      court reporters and videographers at depositions in this case.

8.      Any Protected Materials, including, but not limited to, responses to interrogatories and those portions of depositions where the contents of Protected Materials are discussed shall be filed, if at all, under seal.  The parties shall treat those portions of deposition transcripts as Protected Materials subject to this Protective Order.

9.      The manner of using any Protected Materials at the trial of this litigation shall, after consultation between counsel, be determined by the Court at or about the time when the final pretrial order is submitted to the Court.

3

10.     Defendant's failure to designate any materials as Protected Materials shall not constitute a waiver of any timely assertion that the materials are covered by this Protective Order.

11.     All individuals to whom Protected Materials are disclosed by plaintiff or by plaintiff's counsel consistent with the restrictions in paragraphs 5, 6, 7, & 8  shall destroy or return any and all Protected Materials and copies thereof in their possession to plaintiff's counsel of record upon termination of this litigation, or when they are no longer a party to or assigned or retained to work on this litigation, whichever comes earlier.

12.     Protected Materials and all copies thereof (other than Protected Materials and copies presented in open court consistent with the provisions of this Order) must be destroyed or returned to the United States Department of Justice, Civil Division, within sixty (60) days after the termination of this litigation, including any appeals.  Any document created by plaintiff or his counsel which contains or reflects Protected Materials (other than documents presented in open court consistent with the provisions of this Order) must be destroyed when this litigation is terminated.

13.     At the request of defendant, plaintiff's counsel shall certify to the destruction of all such documents, as referenced in paragraphs 11 and 12, not returned to the United States Department of Justice, Civil Division within sixty (60) days of the termination of this litigation, and/or receipt of the request, whichever is later.

14.     This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the production or admissibility of any material.

15.     Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of any court, or restrict a party's use of materials produced by that party.

Nothing in this Order shall be construed to confer rights on any third party.  Finally, nothing in this Order shall be construed to permit the disclosure of classified information.

16.    Plaintiff may release to defendant's attorneys of record personal information pertaining to plaintiff's alleged damages, including potentially relevant documents and/or information that pertain to plaintiff's medical condition and/or financial information.  Although not subject to the other provisions of this Order, defendant shall treat these materials as confidential and defendant shall disseminate these materials only to the legal staff assigned to work on plaintiff's case as well as to any experts who defendant may retain in this lawsuit.

17.    Defendant and plaintiff retain the right to challenge the designation of Confidential Material as not properly designated as Protected Material in accordance with Fed. R. Civ. P. 26, or to request the Court to modify any of the restrictions contained in this Protective Order.

18.    Defendant is hereby authorized to release to plaintiff's counsel Privacy Act-protected records pertaining to the plaintiff.  Plaintiff's counsel hereby represent that they are authorized to receive such records.  This Protective Order does not regulate plaintiff's use of Privacy Act-protected records pertaining to plaintiff except to the extent that such records also constitute Protected Materials pertaining to any other person.


Dated: _____            _____
                                                          UNITED STATES DISTRICT JUDGE