IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY KAPCHE,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL MUKASEY, Attorney General of the United States,<br><br>    Defendant. | Civil Action No. 1:07-cv-02093 |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

In this litigation, plaintiff Jeffrey Kapche alleges that the Federal Bureau of Investigation ("FBI") discriminated against him by denying his application for employment because of diabetes in violation of the Rehabilitation Act. Plaintiff seeks discovery, some if not all of which pertains to confidential medical information of FBI employees. By law, such information must be kept confidential. 5 U.S.C. § 552a(b); 42 U.S.C. § 12112(d)(3)(B) and (4)(C). Consequently, Plaintiff concedes, as he must, that this Court should enter a protective order to protect the privacy of the individuals involved in discovery. *See* Pl. Response at 1 ("Mr. Kapche and his counsel have no quarrel with a reasonable protective order in this case . . . .").[1]

As regards the protective order, the dispute between the parties, unbelievably, is whether any individual (except this Court and court reporters) to which plaintiff wishes to show materials governed by the protective order must first sign a statement acknowledging that they have read

---

[1] In this motion, defendant seeks only to ensure that the protective order is consistent with the Privacy Act. While defendant agrees that a protective order is appropriate, defendant does not concede that plaintiff's requests for discovery are necessarily appropriate irrespective of whatever protective order this Court might enter. Inasmuch as plaintiff's discovery requests may otherwise be impermissible, defendant reserves the right to object to any such request.

and understand the protective order and agree to be bound by its terms. This statement, attached hereto as Exhibit A, is two pages and simply restates the obligations of the protective order. Plaintiff argues, by counsel, that defendant has failed to show the requisite "good cause" for such a requirement, and that such a requirement would be overly burdensome. Instead, Plaintiff's counsel simply assert that they "are officers of the court and fully understand their obligation to inform anyone who sees protected materials that these materials must be kept confidential." Pl. Response at 2.

Given that plaintiff's counsel concede that they have an obligation "to inform anyone who sees protected materials that these materials must be kept confidential," it is difficult to understand why, once plaintiff's counsel has given this explanation, it would be overly burdensome to require these parties to sign a statement saying that they have read and understand the terms of the protective order. This signature "burden" requires, at most, five minutes and a working fax machine. Indeed, one of the fundamental purposes of a protective order is to give the disclosing party (here, the Government) the assurance that parties who will have access to private information understand and agree that they have certain obligations to ensure that this information remains non-public. Plaintiff's counsel's intransigence reveals either a lack of comprehension of or an indifference to this point.

In the event that an individual to whom plaintiff's counsel has shown protected materials violates the protective order, one of the things that defendant and this Court would need to know in any enforcement proceeding is whether the violator understood and agreed to the terms of the protective order. Absent a signed statement making this clear, defendants would be in the position of calling plaintiff's counsel to testify as to what they told the alleged violator as to the

terms and conditions of the protective order. Of course, this entire spectacle could be avoided simply by requiring individuals subject to the protective order to sign a statement saying that they understand and agree to abide by the terms of the protective order.

Dated February 15, 2008

Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General

JOSEPH W. LOBUE
Assistant Branch Director,
Federal Programs Branch

MARSHA S. EDNEY
Senior Counsel, Federal Programs Branch

_____/s/_____
C. LEE REEVES
Department of Justice, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7109
Washington, D.C. 20530
Tel: 202-514-4805
Fax: 202-616-8470
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jeffrey Kapche,** )<br>  )<br>  Plaintiff )<br>  )<br> v. )<br>  )<br> **Michael B. Mukasey, Attorney** )<br> **General of the United States,** )<br>  )<br>  Defendant. )<br>  ) | Civ. Action No. 1:07-cv-02093<br>Hon. James Robertson |

**ACKNOWLEDGMENT OF PRIVACY ACT PROTECTIVE ORDER BY EXPERT WITNESS OR LITIGATION CONSULTANT**

I, _____, hereby acknowledge that I have read and understand the Privacy Act Protective Order entered in this action. I hereby agree to be bound by the terms of the Order. Specifically,

1. I agree that I will use records and information protected by the Order only for purposes of this litigation, including any appeals, and not for any other purpose of any kind;

2. I agree that records and information, and all copies thereof protected by the Order, will be returned to plaintiff's counsel prior to the termination of this litigation, or when I am no longer assigned or retained to work on this case, whichever comes earlier so that the records and information may be returned to the defendant or destroyed within 60 days after the termination of this litigation;

3. I agree that I may disclose records and information protected by the Order only to the Court, and the plaintiff's attorneys of record, persons regularly in the employ of

such attorneys, and any other experts or consultants hired for this case by the plaintiff or his attorneys and who (except the Court) have signed an acknowledgment like this one and have a need for such information to perform duties specifically related to the conduct of this litigation;

      4.     I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

      5.     I hereby consent to the personal jurisdiction of the United States District Court for the District of Columbia in the above-captioned case for the purpose of enforcing the aforementioned Order.

_____
**[signature]**

_____
**[print name]**

**Dated:** _____