UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jeffrey Kapche,<br>　　　　Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO. 07-2093 (JR) |
| vs. | §<br>§ | |
| Michael Mukasey, Attorney General of the United States,<br>　　　　Defendant | §<br>§<br>§ | A JURY IS DEMANDED |

**Plaintiff's Response to the Defendant's Motion for Extension
of Time to Respond to Discovery**

The plaintiff, Jeffrey Kapche, has given the defendant two extensions to respond to basic discovery in a case that has now been on file for almost one year. The government *agreed* not to seek any more extensions. Kapche thus opposes the government's request for an additional extension. [1]

**The Government's Agreement**

In November of last year, Mr. Kapche sent out written discovery to the government, seeking basic information about how it evaluated Mr. Kapche, who has diabetes. A few weeks later, counsel for Mr. Kapche was contacted by the government's counsel who said she had just received the written discovery, was very busy with other pressing matters and could not answer it timely – even if the time was judged from the date of receipt of the discovery. (Ex. 1). Kapche voluntarily agreed to extend the discovery deadline to February 1st. Indeed, that deadline is memorialized in the case management plan presented to the court. (Doc. 11 at 3).

At the initial scheduling conference held on January 10th, counsel for the government did not seek any further extension of the discovery deadline. However, the very next day, she sent

---

[1] Mr. Kapche also notes that this Court asked the parties to submit all discovery disputes by telephone, rather than by motion. (Doc. 13 at 2). Since the government failed to honor this request, he has no choice but to respond.

an email asking for an extension of an additional month, again complaining that she had other pressing matters. Counsel for Mr. Kapche agreed to grant her a three-week extension with an important proviso – that she would seek no further extension of the deadline. Counsel for the government agreed to this, as the email exchange attached as Exhibit 2 shows.

Specifically, counsel for Mr. Kapche stated, "We will give you a 3 week extension of your deadline for answering discovery –if you agree you will not seek another extension of this deadline." Counsel for the government agreed and responded as follows: "Thank you. We will agree to respond to the discovery on or before Monday, February 25th." (Ex. 2).

Rather than complying with this agreement, counsel for the government has now filed a motion seeking another extension of the discovery deadline. And, while the government's counsel represents to this Court that "Defendant tried to contact plaintiff's counsel Mr. Griffin by phone and was unable to reach him," that is not accurate. Mr. Griffin informed government's counsel on the day this motion was filed that he opposed any more delays and that he expected the discovery to be complied with promptly. Then the government's counsel left Mr. Griffin a voice mail at 3:40 p.m. on February 25, saying that while she knew he was opposed to any more extensions, she wanted to "confer." She also said that she was leaving the office at that moment. Yet she filed the motion minutes after leaving the voice mail. Mr. Kapche opposes this sort of misrepresentation and recalcitrance in answering basic discovery, such as what the essential function of the job are.

Mr. Kapche is entitled to basic discovery. Months have passed since he sought it and still he has no answer to straightforward questions such as "Which essential job function(s) of an FBI Special Agent do you believe the plaintiff unable to perform or substantially limited in

performing?" The government should be required to answer these questions at long last. This, after all, is what it agreed to do.

## Conclusion

The plaintiff, Jeffrey Kapche, respectfully asks that the Court to deny the government's request for a further extension of the deadline for answering discovery in this case and order that answers be provided without any further delay.

Respectfully submitted,

s/ John W. Griffin, Jr.
Texas Bar No. 08460300
Marek, Griffin & Knaupp
203 N. Liberty Street
Victoria, Texas 77901
(361) 573-5500
Fax (361) 573-5040

Katherine L. Butler
Texas Bar No. 03526300
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax (713) 526-5691

David R. Cashdan
D.C. Bar No. 051342
Cashdan & Kane, PLLC
1150 Connecticut Avenue N.W.
Washington, D.C. 20036-4129
(202) 862-4353 (telephone)
(202) 862-4331 (fax)

## Certificate of Service

    I certify that a true and correct copy of this document has been served upon the defendants' counsel via electronic service on the 26th day of February 2008, addressed as follows:

    Marsha S. Edney (Marsha.Edney@usdoj.gov)
    US Department of Justice, Civil Division
    20 Massachusetts Ave., NW, Room 7148
    Washington, D.C.  20530

                                                s/ Katherine L. Butler

# Kathy

**From:** Edney, Marsha (CIV) [Marsha.Edney@usdoj.gov]
**Sent:** Monday, December 10, 2007 12:54 PM
**To:** kathy@butlerharris.com; John W. Griffin, Jr.
**Subject:** Kapche

John and Kathy ---

I am writing to you today because I just received your first set of discovery today. As an initial matter, service by mail doesn't work very well here at DOJ -- since the anthrax scares several years ago our mail goes to some screening facility in the middle of nowhere and then gets sent to us -- all yellow and sticky -- so there is typically a delay in any reciept of mail and sometimes it can be quite lenghty. In the future, all time senstive materials should be sent electronically or by fed express. My federal express address is the same as you sent but with a different zip code – 20001

Also, I had been under the impression that we would have another discovery conference to plan the timing of discovery etc now that the case was transferred. Given the fact that I just received your requests as well as the timing of it– over the holidays etc, we will not be to respond within the 30 day timeperiod -- even if I started counting from today. Also we have not even exchanged initial disclosures. I would like to set up a conference for later this week -- Thursday is the best day for me and anytime before 4 pm my time would work– to discuss a discovery schedule. If thursday isn't good, then Tues the 18th works for me as well.

For your information, I am out of the office from Dec 24-Jan 2 so we will need to plan that into any schedule we agree to.

Thanks and look forward to talking about this with you.

Marsha

**Kathy**

**From:** Edney, Marsha (CIV) [Marsha.Edney@usdoj.gov]
**Sent:** Tuesday, January 22, 2008 10:00 AM
**To:** Kathy Butler
**Cc:** Reeves, Lee (CIV); O'Neill-Taylor, Kathleen
**Subject:** RE: Extension

Thank you. We will agree to respond to the discovery on or before Monday, Feburary 25th.

---

**From:** Kathy Butler [mailto:kabutler@igc.org]
**Sent:** Tuesday, January 22, 2008 10:38 AM
**To:** Edney, Marsha (CIV)
**Subject:** Extension

We will give you a 3 week extension of your deadline for answering discovery – if you agree you will not seek another extension of this deadline.  Kathy

2/25/2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jeffrey Kapche, | § | CIVIL ACTION NO. 07-2093 (JR) |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| Michael Mukasey, Attorney General of the | § | |
| United States, | § | |
| Defendant | § | A JURY IS DEMANDED |

**Order**

I have considered Defendant's motion for extension of time to respond to discovery and Plaintiff's response and;

Defendant's motion is DENIED and IT IS ORDERED that responses be provided to the Plaintiff by close of business today.

Signed in Washington, D.C., this _____ day of _____, 200____.


_____
UNITED STATES DISTRICT COURT JUDGE