UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Jeffrey Kapche,           )<br>                           )<br>    Plaintiff       )<br>                           )<br>    v.                 )<br>                           )<br>Michael B. Mukasey, Attorney )<br>General of the United States, )<br>                           )<br>    Defendant.    )<br>_____) | Civ. Action No. 1:07-cv-02093<br>Hon. James Robertson |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY**

Defendant's counsel respectfully requests that the Court grant its motion for a short extension of time despite plaintiff's counsel's opposition. This requested extension is for good cause and does not prejudice plaintiff. In support of the Motion for an Extension, Defendant's counsel states as follows:

1. A Motion for a Privacy Act Protective Order is currently pending and Defendant has sought to respond to the discovery within seven (7) days of the Order being signed. Defendant is not denying plaintiff basic discovery.

2. Defendant's counsel has consistently informed plaintiff's counsel by telephone and in emails, that discovery response would not be produced before a Protective Order was entered in this case. See e.g., emails at Ex. 1

3. While the email plaintiff submitted does make it appear that defendant agreed to a condition on the discovery extension, this email does not accurately reflect the fact that in telephone calls between counsel, counsel for defendant had expressed the need for an even longer extension and the fact that she was uncomfortable with agreeing to such a condition.

4.      As defendant's counsel previously explained to plaintiff's counsel, she is in the middle of discovery in another matter and the month of February was very busy. For their part, plaintiffs have only exacerbated this workload problem by, for instance, disputing the appropriateness of requiring parties subject to the protective order to sign a acknowledgment saying they understand and agree to the terms of the protective order. The upshot of plaintiff's counsel's unwillingness to acquiesce to even the most basic, boilerplate conditions is that defendant's counsel has had to take time to respond to plaintiff's objections instead of doing the very tasks plaintiff now complains are not being completed fast enough.

5.      Additionally, counsel at the FBI was also very busy on other litigation matters. Based on the press of this other litigation, defendant had first requested until at least March 3 to respond to discovery and had thought that plaintiff's counsel had agreed to that extension prior to the telephonic status conference with the Court on January 10, 2008. It was only after that conference that defendant's counsel realized that plaintiff's counsel had not agreed to the extension of time. See emails at Ex 1

6.      Plaintiffs will not suffer any prejudice as a result of this extension since discovery in this matter does not close until September 30, 2008.

7.      As stated in our motion, the documents that may be responsive to the discovery only recently arrived at counsel's office and needs to be reviewed. Moreover, counsel for defendant will be out of the office this Wednesday and Thursday at depositions in another matter.

8.      Due to both the need for a Protective Order and the need for time for counsel to review the potentially relevant documents, Defendant is simply unable to respond the discovery requests

at this time and will need at least seven days from when the Protective Order is issued to respond to the requests.

Dated: February 26, 2008		Respectfully submitted,

		JEFFREY S. BUCHOLTZ
		Acting Assistant Attorney General

		JEFFREY A. TAYLOR
		United States Attorney

		    /s/ Marsha Edney
		JOSEPH W. LOBUE
		D.C. Bar No. 293514
		MARSHA S. EDNEY
		D.C. Bar No. 414271
		U.S. Department of Justice, Civil Division
		20 Massachusetts Ave., N.W., Rm 7148
		Washington, D.C. 20530
		(202) 514-4520
		(202) 318-1287 (fax)
		Email: marsha.edney@usdoj.gov

		Attorneys for Defendant

**From:** Edney, Marsha (CIV)
**Sent:** Friday, February 01, 2008 10:16 AM
**To:** Kathy Butler

**Attachments:** Protective Order feb 1.wpd
Sorry for the delay -- I was out sick yesterday. I made change to para 8 and also I can't agree to the change in 15 unless you agree to the read and sign requirement. I hope that you will reconsider your objection to that piece and lets get this Order submitted as it will affect us releasing documents to you on time as I can't tell the paralegal yet what can be produced until we have an Order -- I don't want her redacting info unless we have to.

Marsha

**From:** Edney, Marsha (CIV)
**Sent:** Friday, January 11, 2008 11:55 AM
**To:** kathy@butlerharris.com
**Cc:** John W. Griffin, Jr.
**Subject:** RE: extension

**Follow Up Flag:** Follow up
**Flag Status:** Red

I didn't see that email -- so I didn't realize you didnt' agree
Are you really going to make me go to the judge on this -- it would be nice it we could work together -- Would you please reconsider -- as I told you before I am usually pretty agreeable on these extension type issues and since discovery doesn't close til Sept I see no real prejudice to you. This seems even more true since as you admitted to the judge yesterday that you have a pretty good record already. I can promise you that the agency is working on the responses and trying to do a good and thorough job -- etc Moreover until we agree on the protective order I can't really process the documents because I have to know whether to redact information or just to stamp it as protected etc. I really hate to bother the court on petty discovery disputes

**From: Kathy Butler [mailto:kathy@butlerharris.com]**
**Sent: Friday, January 11, 2008 11:12 AM**
**To: Edney, Marsha (CIV)**
**Subject: extension**


This is what I sent you on Wednesday. Kathy

**From: Kathy Butler [mailto:kathy@butlerharris.com]**
**Sent: Wednesday, January 09, 2008 12:14 PM**
**To: 'Edney, Marsha (CIV)'**
**Subject: RE: protective order**


We believe in all fairness that you have had plenty of time to respond. Kathy

**From: Edney, Marsha (CIV) [mailto:Marsha.Edney@usdoj.gov]**
**Sent: Wednesday, January 09, 2008 11:22 AM**
**To: kathy@butlerharris.com**
**Subject: RE: protective order**


I am typically pretty willing to agree to extensions on a general basis assuming I suffer no prejjudice from the delay. Are you asking me to agree to this as a condition to agreeing to an extension to respond to discovery? I typically don't like to feel boxed in as everything being a tit for tat kind of thing. You will find I am quite reasonable espec. when it comes to scheduling since I am usually the first to ask for extra time myself given my crazy work and life schedules.

**From: Kathy Butler [mailto:kathy@butlerharris.com]**
**Sent: Wednesday, January 09, 2008 12:04 PM**
**To: Edney, Marsha (CIV)**
**Subject: RE: protective order**
What is your position on giving us a 10 day extension on dispositive motion response if we need it? Kathy

**From:** Edney, Marsha (CIV) [mailto:Marsha.Edney@usdoj.gov]
**Sent:** Wednesday, January 09, 2008 9:51 AM
**To:** kathy@butlerharris.com
**Subject:** RE: protective order

ok thanks

One more question for you -- would you be willing to agree to an extension on the discovery til March 3 -- I just spoke with agency counsel and she is swamped in 2 other discovery matters and while she has sent out requests to various components seeking the information you requested does not think she will get the information in time for us to respond by Feb 1. Let me know if you will agree or if we need to raise it with the Judge tomorrow. Thanks Marsha