UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY KAPCHE,                  :
                                 :
        Plaintiff,               :
                                 :
    v.                           :  Civil Action No. 07-2093 (JR)
                                 :
MICHAEL MUKASEY, Attorney        :
General of the United States,    :
                                 :
        Defendant.               :

### MEMORANDUM ORDER

Jeffrey Kapche complains that he was unlawfully denied a position as an FBI special agent because of concerns surrounding his type 1 diabetes. It appears that the fulcrum of the case will be the FBI's claim that its action was either consistent with business necessity or necessary to avoid a direct threat to the safety of FBI agents. In order to evaluate these defenses, Kapche has sought discovery of employment and medical information about other special agents who have diabetes or other major medical conditions. The FBI considers these requests overly broad and unduly invasive of the privacy of its agents, and it has asked for a protective order barring the discovery. For the reasons stated below, that motion [#21] is **DENIED IN PART**.

Much of the sparring in the parties' briefs deals with the question of relevance. In discovery, "information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed. R. Civ. P. 26(b)(1).  Kapche suggests that the discovery he seeks may reveal that the FBI in fact tolerates risks that are more substantial than those posed by type 1 diabetes.  Evidence to that effect, if it exists, would be relevant to both the business necessity defense and the defense of direct threat.

It is true that discovery of sensitive materials such as medical records calls for heightened scrutiny, see, e.g., In re Sealed Case (Medical Records), 381 F.3d 1205, 1215 (D.C. Cir. 2004), but I am satisfied that the privacy interests of non-parties are adequately protected here.  First, a protective order is already in place that prohibits release of material to anyone outside the litigation.  See [12]; [20].  Second, the plaintiff has agreed to accept the requested material with fictitious names so as to protect the identity of any agents who are not required for deposition, and acknowledges that concerns about privacy may be raised anew if any such depositions are noticed.  See [26] at 6.

At this stage, however, the FBI will not be required to produce medical information and personnel files of every agent who has ever had a job-related problem and a medical issue, as Kapche has requested.  It will suffice for Kapche to review the (properly protected) files of agents with diabetes, and to

reserve for another day a decision on whether there is sufficient need to justify more extensive discovery.

                                        JAMES ROBERTSON
                            United States District Judge